Hitchcock, J.,
delivered the opinion of the court:
The simple question for the consideration of the court is, which' of these two townships are liable for the support and maintenance of this pauper?
A recurrence to our statutes for the organization of townships, and for the support and maintenance of the poor, prescribe no rule by which we are to be governed. The solution of the question must depend rather upon the sound discretion of the court than upon any principle of law. There are decisions, it is true, in some of the other states, and more particularly in the states of Massachusetts and Connecticut, which have a bearing upon the question. But the laws of those states, and the modes of incorporating townships, are so different from ours, that those decisions can not be held to be of binding authority. In these states, however, townships are incorporated by special legislative enactment; here we have a general law upon the subject, and the county commissioners .are authorized to divide old or set off new townships. There provision is usually made for the distribution of paupers, *467 where a new township is incorporated, and this is necessary in consequence of the number of paupers. Here nothing is said upon the subject; and the reason undoubtedly is, that we have had but few of this description of persons among us.
We suppose that where, under our system, a new township is set off, all persons residing within the limits of that township, and who have resided there a sufficient length of time to obtain a settlement in the original township, have a legal settlement in the new township; and this, although at the time apportion of these inhabitants are actually paupers. This principle seems to be contradictory to that laid down by the court in the case of Pike Township v. Union Township, 5 Ohio, 528. It must be remembered, however, that that ease was decided upon the circuit, and experience teaches us that such decisions are, many times, made without that reflection which a case ought to receive before it is adopted as authority.
Upon the assumption that when a new township is set off, all persons residing within its limits have a legal settlement therein, it follows that had Smith remained at his domicile in Wills township, he would now have had a legal settlement in Center, and that township would have been chargeable with his maintenance. Shall the fact that he was away when Center was organized make any difference in the case? It seems to us it should not. In coming to this conclusion, we are in some measure, I may even say in a great measure, influenced by the pecular situation of the country. But a few years since, some townships were equal in extent to what are entire counties. Still, in some they are five or six' miles square, and the original township name is retained. It would be impolitic, it would be unjust, to compel the township thus limited to maintain all those who were paupers at the time of the division, or who, residing in other parts of tho country, have become such since the division.
It seems to us that there is nothing erroneous in the judgment of the common pleas, and it is, therefore, affirmed with costs.